**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO. 13-21-DLB-CJS-4

UNITED STATES OF AMERICA                                              PLAINTIFF

v.          **REPORT AND RECOMMENDATION**

LORI GALICIA                                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

On February 23, 2018, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Reports that Defendant Lori Galicia had violated conditions of her supervised release. Defendant Galicia was present in Court and represented by Court-appointed counsel Frank Mungo, and the Government was represented by Assistant United States Attorney Elaine Leonhard. Senior U.S. Probation Officer Carol P. Martin was also present for this proceeding.

Upon call of this matter at the February 23 Final Revocation Hearing, counsel informed the Court that the parties had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to Violations 1 and 2 set forth in the November 3, 2017 Supervised Release Violation Report (R. 157); Violations 3 and 4 set forth in the February 6, 2018 Addendum to the Supervised Release Violation Report (R. 159); and Violation 5 set forth in the February 22, 2018 Third Addendum to the Supervised Release Violation Report (R. 166). In exchange, the United States agreed to recommend a term of incarceration of 12 months, followed by a 12-month term of supervised release. In addition, the parties each agreed to waive the objection period to this Report and Recommendation to the extent the undersigned recommends a sentence consistent

with the parties' agreement. Likewise, Defendant Galicia agreed to waive her right to allocute, provided that the undersigned's recommended sentence reflects the parties' agreement, and her right to appeal, unless the presiding District Judge imposes a sentence that exceeds the parties' agreement. (*See* R. 167).

Upon consideration, the undersigned finds that the parties' agreement is an appropriate proposed disposition of this matter. Therefore, it will be recommended that Defendant's supervised release be revoked and that she be sentenced to a 12-month term of imprisonment with a 12-month term of supervised release to follow.

## I. PROCEDURAL BACKGROUND

On May 30, 2013, Defendant appeared in U.S. District Court in Covington, Kentucky, before the Honorable Amul R. Thapar, the then-presiding U.S. District Judge, and pleaded guilty to Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846. (*See* R. 63). On September 26, 2013, Judge Thapar entered Judgment, sentencing Defendant to a 51-month term of imprisonment, with a 6-year term of supervised release to follow.[1] (R. 85; R. 88). On May 17, 2016, Defendant Galicia began serving her term of supervised release through the United States Probation Office in Lexington, Kentucky. (R. 157).

Thereafter, on November 3, 2017, U.S. Probation Officer Carol P. Martin petitioned for an arrest warrant to bring Defendant before the Court and address alleged violations of her supervision. (R. 152). A warrant was issued, and Defendant initially appeared on November 7, 2017. (R. 155). Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, Defendant Galicia was advised of her constitutional rights, including her right to remain

---

[1] On March 6, 2015, Defendant's sentence was reduced from 51 months to 42 months. (R. 122).

silent and her right to counsel. (*Id.*). Counsel Frank Mungo was appointed to represent Defendant Galicia pursuant to the Criminal Justice Act. (*Id.*).

The charged violations were presented to the Court via the Probation Officer's November 3, 2017 Violation Report (R. 157). Defendant acknowledged receipt of a copy of the Violation Report; the violation charges were reviewed with Ms. Galicia, and the potential penalties were explained. (R. 155). Defendant waived her right to a Preliminary Hearing as well as her right to be heard on the issue of release. (*Id.*). Upon Defendant's request, and with no objection from the Government, the Court permitted Defendant to enter an inpatient drug treatment facility, the Chrysalis House; Defendant Galicia was accepted into the Chrysalis House program on December 11, 2017. (R. 166). The Court ordered that Defendant's Final Revocation Hearing be continued generally, with the condition that should Defendant Galicia leave or be discharged or terminated from the facility before completing the inpatient portion, the Final Revocation Hearing would move forward. (R. 155).

Thereafter, new violation charges were presented to the Court via the Probation Officer's February 6, 2018 Addendum to Supervised Release Violation Report, advising that Defendant Galicia left the Chrysalis House facility and upon return informed staff that she used controlled substances during her absence. (R. 159). On February 7, 2018, presiding District Judge David L. Bunning followed the recommendation of the U.S. Probation Officer and ordered that Defendant Galicia be permitted to restart the program at Chrysalis House pursuant to a behavioral contract with the facility. (R. 159). A short time later, however, a new charge was presented to the Court via the Probation Officer's February 16, 2018 Second Addendum to Supervised Release Violation Report, advising that Defendant had walked away from the Chrysalis House on the previous day and never returned. (R. 166). Accordingly, Judge Bunning entered an order for issuance of a

warrant, and Ms. Galicia was brought before the Court on February 21, 2018. (R. 164). There, the Second Addendum was reviewed with Defendant, as were the procedural circumstances to date and the cumulative charges ready to be scheduled for final hearing. Defendant was remanded to federal custody.[2]

Upon call of the case for the February 23, 2018 Final Revocation Hearing, the Court first reviewed the Third Addendum with Defendant and confirmed that Ms. Galicia had an opportunity to review this Addendum with her counsel. The Court then reviewed the violation charges with Ms. Galicia and explained the potential penalties. As noted above, counsel proceeded to inform the Court that the parties had reached an agreement: Ms. Galicia was prepared to admit to Violations 1 and 2 of the November 3, 2017 Supervised Release Violation Report (R. 157); Violations 3 and 4 of the February 6, 2018 Addendum to the Supervised Release Violation Report (R. 159); and Violation 5 of the February 22, 2018 Third Addendum to the Supervised Release Violation Report (R. 166). In exchange, the United States agreed upon a recommended sentence of 12 months of incarceration with a 12-month term of supervised release to follow.[3]

Upon the parties' announcement that they reached an agreement, the undersigned explained to Defendant that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged her understanding and stated it was her desire to admit to

---

[2] On February 22, 2018, the U.S. Probation Office provided a Third Addendum to the Supervised Release Violation Report. (R. 166). The Third Addendum did not allege new conduct, but merely corrected the condition Defendant was charged with violating as set forth in the Second Addendum. *See* discussion, *infra*.

[3] Counsel informed the Court that the United States initially intended to recommend no term of supervision to follow, but then Ms. Galicia herself requested that a new term of supervision be imposed.

the alleged violations as agreed by the parties. Specifically, Ms. Galicia admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

> **Violations No. 1 and No. 3:** The defendant shall not unlawfully possess a controlled substance. (Grade C violation)

On November 1, 2017, a U.S. Probation officer conducted an unannounced home visit, where Ms. Galicia voluntarily advised that she had relapsed and used methamphetamine and crack cocaine. Likewise, on January 13, 2018, Defendant Galicia walked away from the Chrysalis House, the inpatient drug treatment facility. She returned a few hours later and admitted to facility staff that she used crack cocaine while away from the facility. Ms. Galicia submitted to a drug test at the Chrysalis House, which confirmed positive results for cocaine. At final hearing, Defendant admitted that the United States could show by a preponderance of evidence that she used controlled substances during this time period as alleged in Violation No. 1 and Violation No. 3.

> **Violations No. 2 and No. 4:** The defendant shall not commit another federal, state or local crime. (Grade B violation)

Under Sixth Circuit precedent, Defendant's admitted use of methamphetamine and crack cocaine as set forth in Violation No. 1 and Violation No. 3 also means that she was in possession of these controlled substances. *United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000). Cocaine and methamphetamine are both Schedule II Controlled Substances. Unlawful possession of a controlled substance on each of the two occasions listed in Violation No. 1 and Violation No. 3 constitutes conduct that would result in a violation of 21 U.S.C. § 844(a) and, given Defendant's prior drug conviction, subjects her to a penalty of not more than 2 years in prison, thereby constituting a Grade B violation pursuant to § 7B1.1(a)(2) of the U.S. Sentencing Guidelines ("U.S.S.G." or "Guidelines"). *See id.* Defendant admitted that the United States could show by a preponderance of the evidence that her use of controlled substances violated the condition of her

supervision requiring her not to engage in new conduct that violates federal law as alleged in Violation No. 2 and Violation No. 4.

> **Violation No. 5:** Defendant shall successfully complete the Chrysalis House inpatient drug treatment program.[4] (Grade C violation)

On February 15, 2018, Defendant walked away from the Chrysalis House and never returned. Defendant admitted that the United States could show by a preponderance of the evidence that, since she was on a behavioral contract with the facility (*see* R. 159), she was not allowed to return and thereby did not complete the treatment program.

Following the Final Revocation Hearing, Defendant was remanded to custody, pending entry of a final judgment as to her supervised release violations. (R. 165). The undersigned is satisfied from the dialogue with the Defendant at the February 23, 2018 Final Revocation Hearing that she understands the nature of the violations as charged, has had ample opportunity to consult with counsel, and enters her admissions to the violation charges competently, knowingly, and voluntarily. Based upon Defendant's admissions to the violations discussed above, the undersigned finds and will recommend that the District Judge find that Ms. Galicia has violated the conditions of her supervised release as charged.

## II. SENTENCING

Defendant Galicia having admitted to violating her supervised release, the question of appropriate sanctions is presented. A term of supervision may be revoked after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply

---

[4] The U.S. Probation Office's Third Addendum to Supervised Release Violation Report did not allege new conduct but merely corrected the condition Defendant was charged with violating from that of "unlawful possession of a controlled substance" to "Defendant shall successfully complete Chrysalis House inpatient drug treatment program."

with the purposes of 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable Sentencing Guidelines policy statements, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[5] must be considered.

Classification of Defendant's underlying criminal offense results in a maximum term of incarceration upon revocation of her supervised release of 36 months, her underlying offense being a Class B felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 8-14 months, based upon Defendant's criminal history category of III and her highest supervised release violation being a Grade B violation. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release would be life because the term of supervised release authorized by statute for the underlying offense provides no maximum period of time that a defendant can be placed on supervised release. *See* 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(C).

As explained above, the parties have agreed to a recommended sentence of 12 months of incarceration, followed by a 12-month term of supervised release. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis.

Defense counsel indicated that, although 12 months is near the high end of the Sentencing Guidelines range, the parties agree that this period of incarceration is in Defendant's best interest due to her lack of family support and repeated issues with addiction. Likewise, a short period of

---

[5] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams*, 333 F. App'x 63, 69 (6th Cir. 2009).

7

supervised release is needed to set Defendant up for some measure of success following her term of incarceration.  The United States further stated that any additional term of supervised release above the parties' recommendation is not appropriate, as the Probation Office has indicated it does not believe further supervision would be of benefit to Defendant or an efficient use of the Probation Office's limited resources.  Probation Officer Martin confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction.  Officer Martin stated that the sanction will afford Defendant needed stability and treatment, as well as additional opportunities during a brief term of supervision to focus on successfully transitioning from prison back into the community.

The undersigned agrees with the rationale offered by counsel at the February 23, 2018 Final Revocation Hearing, and finds that the parties' recommended sanction is a reasonable and appropriate compromise.  A 12-month term of incarceration is sufficient, but not greater than necessary, to comply with the sentencing factors the Court is to consider.  As the parties noted, the 12-month term of incarceration is at the upper end of the Guidelines range; nonetheless, it is necessary in order to promote stability in Defendant's struggle with substance abuse and mental health issues.  Accordingly, the recommended sanction is necessary to ensure that just punishment is imposed and to encourage respect for the law.

The Probation Office has expended significant resources in supervising Defendant and a protracted term of further supervised release would not be appropriate.  However, the Court agrees with the parties that a short, 12-month term of supervised release would be appropriate to assist Defendant with her transition from prison back into the community.  Defendant herself requested a term of supervision to follow.  The Court commends Defendant for her consistent acceptance of responsibility for her conduct, which stems from her underlying addiction to controlled substances.  However, Ms. Galicia did not come forward to the Probation Office with her struggle with relapse,

but waited for the Probation Office's unannounced November 1, 2017 home visit. To ensure future success, she must make use of the Probation Office's resources and affirmatively reach out to Officer Martin if she feels herself slipping. Defendant will need to work hard to make the best use of this further term of supervision and achieve a functional lifestyle and maintain her sobriety.

Finally, due to her issues with addiction and mental health, Defendant has requested that she be placed at the nearest federal facility for women offering specialized dual diagnoses medical treatment. The Court explained to Defendant that it cannot require the Bureau of Prisons to house her at any particular location, but that a placement recommendation would be made on her behalf.

### III. CONCLUSION AND RECOMMENDATIONS

Accordingly, the undersigned being satisfied from dialogue with Defendant that Ms. Galicia understands the nature of the violations, she has had ample opportunity to consult with counsel, and enters her admissions to the violations competently, knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1. Defendant **LORI GALICIA** be found to have **violated** the terms of her supervised release as set forth in Violations 1 and 2 of the November 3, 2017 Supervised Release Violation Report (R. 157); Violations 3 and 4 of the February 6, 2018 Addendum to the Supervised Release Violation Report (R. 159); and Violation 5 of the February 22, 2018 Third Addendum to the Supervised Release Violation Report (R. 166);

2. Defendant's supervised release be **revoked**;

3. Defendant be sentenced to the custody of the Attorney General for a **term of incarceration of 12 months, credit to be given for time served in U.S. Marshals' custody, with a 12-month term of supervised release to follow**, subject to the same terms and conditions attendant to Defendant's initial term of supervised release (*see* R. 88); and

4. Defendant, if possible, be designated to the nearest federal medical facility for women to serve her sentence so that she may receive appropriate medical care and treatment for both her mental health and drug addiction issues.

The Clerk of Court shall forthwith submit this Report and Recommendation to the presiding District Judge for consideration, Defendant and the United States having waived the fourteen (14) day period for the filing of objections hereto.

Signed this 25th day of April, 2018.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\S.R. violations R&R\13-21-DLB-4 Galicia R&R.final.docx